# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DUSICA PEREZ, <br><br> Plaintiff, <br><br> v. <br><br> QUICKEN LOANS, INC. <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:19-cv-02072 <br><br> DEMAND FOR JURY TRIAL |

## FIRST AMENDED COMPLAINT

NOW comes DUSICA PEREZ ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of QUICKEN LOANS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

### PARTIES

1

4. Plaintiff is a natural person over 18 years-of-age residing in Cook County, Illinois, which is located within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is an online mortgage lender organized under the laws of the state of Michigan with its principal place of business located at 1050 Woodward Avenue, Detroit, Michigan. Defendant solicits consumers throughout the country to enroll in its mortgage lending services, including consumer in Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9. Around late 2018, Plaintiff consistently began receiving calls from Defendant to her cellular phone, (708) XXX-5577.

10. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -5577. Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. Defendant has primarily used the phone number (708) 926-3494 when contacting Plaintiff's cellular phone. Upon information and belief, Defendant has used other numbers as well.

12. Upon information and belief, the aforementioned phone number ending in -3494 is regularly utilized by Defendant to make outgoing calls to consumers it is soliciting for business.

13. During answered calls, Plaintiff has been subjected to a significant pause, lasting several seconds in length, causing Plaintiff to say "hello" several times before being connected to a live representative.

14. Plaintiff was unaware of Defendant's purpose in contacting her cellular phone, as Plaintiff never signed up to receive calls from Defendant.

15. Upon speaking with one of Defendant's representatives, Plaintiff discovered that it was trying to solicit Plaintiff to apply for one of Defendant's loans.

16. Plaintiff has told Defendant's representative that she is not interested in its services and has demanded that it stop calling her cellular phone, as well as to remove her phone number from its calling list.

17. Despite Plaintiff's demands, Defendant continued to regularly call her cellular phone.

18. Due to the fact that Defendant's phone calls persisted, Plaintiff took the time to call it back and reiterate her demands.

19. Plaintiff has told Defendant to stop calling her on numerous occasions. No matter how many times Plaintiff has told Defendant to stop calling her, it has continued to place calls to her cellular phone.

20. Defendant has also called Plaintiff's cellular phone multiple times during the same day.

21. Defendant has called Plaintiff's cellular phone at least 15 times since Plaintiff demanded that it stop calling her.

22. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights resulting in costs and expenses.

23. Plaintiff has been unfairly harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

27. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The significant pause, lasting several seconds in length, and the fact that Plaintiff had to say "hello" several times before a live representative began to speak is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's constant contacts after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

28. Defendant violated the TCPA by placing at least 15 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff did not provide Defendant with consent to contact her, but Defendant still called Plaintiff's cellular phone without her permission. Any

consent that Plaintiff *may* have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting her.

29. The calls placed by Defendant to Plaintiff were regarding solicitation activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

30. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, DUSICA PEREZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 3, 2019               Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)　　　　s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103　　　　　　Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*　　　　　　　　　　　　*Counsel for Plaintiff*
Admitted in the Northern District of Illinois　Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.　　　　　　　　　Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200　　　　2500 South Highland Ave., Suite 200
Lombard, Illinois 60148　　　　　　　　　　Lombard, Illinois 60148
(630) 568-3056 (phone)　　　　　　　　　　(630) 581-5858 (phone)
(630) 575-8188 (fax)　　　　　　　　　　　(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com　　　　　　　　thatz@sulaimanlaw.com