# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DUSICA PEREZ,

     Plaintiff,

v.

QUICKEN LOANS, INC.,

     Defendant.

1:19-cv-02072

Honorable Robert M. Dow, Jr.

## JOINT INITIAL STATUS REPORT

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Case Management Procedures, and without prejudice to Defendants' forthcoming Rule 12(b)(6) motion to dismiss (currently, due on May 28, 2019), DUSICA PEREZ ("Plaintiff") and QUICKEN LOANS INC. ("Defendant") hereby submit this Joint Initial Status Report.

## 1. Nature of the Case

### A. Parties:

For Plaintiff Dusica Perez

Nathan Charles Volheim (Lead Attorney)
Eric Donald Coleman
Taxiarchis Hatzidimitriadis
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
630-575-8181
Fax: 630-575-8188
Email: nvolheim@sulaimanlaw.com
Email: ecoleman@sulaimanlaw.com
Email: thatz@sulaimanlaw.com

For Quicken Loans Inc.

Joseph F. Yenouskas (*pro hac vice*)
GOODWIN PROCTER LLP
901 New York Ave., N.W.
Washington D.C. 20001
Tel.: (202) 346-4000
Fax: (202) 346-4444
jyenouskas@goodwinlaw.com

Jennifer Lisa Majewski (ARDC# 6290114)
Anna-Katrina S Christakis (ARDC# 6242675)
Pilgrim Christakis LLP
321 North Clark Street, 26th Floor
Chicago, IL 60654
(312) 939-0920
jmajewski@pilgrimchristakis.com

kchristakis@pilgrimchristakis.com

**B.     Jurisdiction:**  Federal question jurisdiction is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C § 227 *et seq*. and 28 U.S.C. § 1331.

**C.     Claims asserted:**  Plaintiff brings her Complaint against Defendant for alleged violations of the TCPA.  Plaintiff alleges that Defendant violated the TCPA by placing unwanted solicitation calls to her cellular phone using an automated telephone dialing system ("ATDS") and without consent.  Plaintiff contends she never gave Defendant consent to call her.  Plaintiff alleges any consent Defendant *may* have was specifically revoked by Plaintiff.   Quicken Loans denies the allegation, and intends to prove, among other things, that (1) Plaintiff consented to every call and (2) that it did not use an ATDS when it made the calls in any event.

**D.     Service:**  Defendant has been served and is represented by counsel.

**E.      Principal Legal Issues:**

1.     Does the telephone technology used by Defendant to make the challenged calls qualify as an ATDS under the TCPA under the circumstances?

2.     Whether Plaintiff  (or someone acting or purporting to act on her behalf) provided consent or permission to receive calls by or on behalf of Quicken Loans (47 U.S.C. § 227(b)(1)(A)(i); 47 C.F.R. § 64.1200(a)(1)(iii));

3.     Whether Quicken Loans used an "automatic telephone dialing system" to call a telephone number assigned to a cellular telephone service without "prior express consent" (47 U.S.C. § 227(a)(1), (b)(1)(A)(i)).

**F.      Principal Factual Issues:**

1.     Whether Defendant had consent to call Plaintiff's purported cellular phone using an ATDS?  If so, did Plaintiff effectively revoke any consent she may have given?

2.      Whether Plaintiff is the user or subscriber of the subject telephone number;

3.      Whether Plaintiff (or someone acting or purporting to act on her behalf) provided her consent or permission to receive calls by or on behalf of Quicken Loans, or requested information about a mortgage refinance loan and consented to receive calls from Quicken Loans;

4.      The date, time, content, and means of the challenged communications with Plaintiff;

5.      Whether Plaintiff suffered damages as a result of Quicken Loans' acts and/or omissions; and, if so, the amount, cause and extent thereof.

**G.      Jury Demand:** Plaintiff has demanded a jury trial.

**H.      Proposed Discovery:**

i.      In the event this matter proceeds beyond the motion to dismiss stage, the Parties anticipate both written and oral discovery.  At this point no discovery has been exchanged.

ii.      This matter is subject to the Mandatory Initial Discovery Pilot ("MIDP") program.  To the extent this matter proceeds beyond the motion to dismiss stage, the Parties will comply with the disclosures and timing outlined by the MIDP program.

iii.      Proposed Schedule (assuming this matter proceeds beyond the motion to dismiss stage):

1.      Plaintiff's to amend complaint (if any) by September 1, 2019.

2.      Fact discovery completed by February 17, 2020.

3.      Plaintiff's expert reports due by March 9, 2020.

4.      Quicken Loans' expert reports due by April 13, 2020.

5.      Expert discovery completed by May 11, 2020.

6. Dispositive motions filed by June 8, 2020.

**I.** **Trial:** The Parties should be ready to proceed to trial in October 2020. The Parties do not anticipate any trial lasting more than two to three days.

**J.** **Magistrate Judge:** The Parties do not unanimously consent to proceed before a Magistrate Judge.

**K.** **Settlement:** Plaintiff has recently tendered a settlement demand to Defendant. Defendant is evaluating the demand.

**J.** **Settlement Conference:** If this matter proceeds beyond the motion to dismiss stage, the parties are open to participate in a settlement conference once written discovery is exchanged.

Respectfully submitted,

/s/ Nathan Volheim (w/ consent)
Nathan Charles Volheim
Eric Donald Coleman
Taxiarchis Hatzidimitriadis
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
630-575-8181
Fax: 630-575-8188
nvolheim@sulaimanlaw.com
ecoleman@sulaimanlaw.com
thatz@sulaimanlaw.com

Attorneys for Plaintiff

/s/ Jennifer L. Majewski
Joseph F. Yenouskas (*pro hac vice*)
GOODWIN PROCTER LLP
901 New York Ave., N.W.
Washington D.C. 20001
Tel.: (202) 346-4000
Fax: (202) 346-4444
jyenouskas@goodwinlaw.com

Jennifer Lisa Majewski (ARDC# 6290114)
Anna-Katrina S Christakis (ARDC# 6242675)
Pilgrim Christakis LLP
321 North Clark Street, 26th Floor
Chicago, IL 60654
(312) 939-0920
jmajewski@pilgrimchristakis.com
kchristakis@pilgrimchristakis.com

Attorneys for Defendant

Dated: May 13, 2019