# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DUSICA PEREZ,<br><br>      Plaintiff,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>      Defendant. | Case No. 1:19-cv-02072<br><br>Hon. Robert M. Dow, Jr. |

## QUICKEN LOANS INC.'S RESPONSE TO PLAINTIFF'S MOTION
## FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

Quicken Loans Inc. does not oppose Plaintiff's request for leave to submit *Husain v. Bank of America, N.A.*, 2020 WL 777293 (N.D. Ill. Feb. 18, 2020) as supplemental authority in support of the opposition to Quicken Loans Inc.'s pending Motion to Dismiss the First Amended Complaint (ECF No. 17). *Husain* is now bad law, however, and easily distinguished as well.

First, *Husain* was issued one day before the Seventh Circuit's decision in *Gadelhak v. AT&T Servs., Inc.*, No. 19-1738, 2020 WL 808270 (7th Cir. Feb. 19, 2020), which Quicken Loans submitted to this Court with its Second Notice of Supplemental Authority (ECF No. 21). The Seventh Circuit, joining the Third and Eleventh Circuits, determined that a system does not qualify as an ATDS unless it has the ability to store and produce numbers using a random or sequential number generator, and that merely dialing numbers stored from a saved customer database is insufficient. *Gadelhak*, 2020 WL 808270 at 1; *see also Glasser v. Hilton Grand Vacations Co., Nos. 18-14499 & 18-14586,* 2020 WL 415811, *2 (11th Cir. Jan 27, 2020); *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 119 (3d Cir. 2018). *Gadelhak* is thus controlling law in the Seventh Circuit with respect to Quicken Loans' arguments that Plaintiff failed to allege that

she received calls made using an ATDS as that term is defined in the TCPA (47 U.S.C. § 227(a)(1)) and as clarified by *ACA Int'l v. FCC*, 885 F.3d 687 (D.C. Cir. 2018).

*Husain* is easily distinguishable in any event. Unlike in *Husain*, Plaintiff does not allege that Quicken Loans placed calls using a pre-recorded message; rather, Plaintiff's only allegation in support of her claim that Quicken Loans placed calls using an ATDS was a "pause" at the beginning of calls before a representative would begin to speak. That allegation fails to state a claim under *Gadelhak*.

Finally, unlike in *Husain*, Quicken Loans adequately pled the affirmative defense of consent, and any calls placed after Plaintiff's alleged revocation were within the time period permitted for compliance under 47 C.F.R. § 64.1200(d)(3). Plaintiff did not make any clear expression of a desire not to be called, as required for a revocation of consent to be effective under the TCPA. Plaintiff also made no allegations about the timing of the challenged calls in relation to her alleged revocation of consent; without this information, the complaint fails to adequately plead that any of the challenged calls fall outside of the TCPA's safe harbor.

For these reasons (and those set forth in its prior filings), the Court should disregard *Husain* and grant Quicken Loans' Motion to Dismiss.

Dated: March 12, 2020               Respectfully submitted,


                                    */s/ Anna-Katrina Christakis*

                                    Joseph F. Yenouskas (*pro hac vice*)
                                    GOODWIN PROCTER LLP
                                    901 New York Ave., N.W.
                                    Washington D.C. 20001
                                    Tel.: (202) 346-4000
                                    Fax: (202) 346-4444
                                    jyenouskas@goodwinlaw.com

                                    Anna-Katrina Christakis (ARDC# 6242675)
                                    Pilgrim Christakis LLP
                                    321 North Clark Street, 26th Floor
                                    Chicago, IL 60654
                                    (312) 939-0920
                                    kchristakis@pilgrimchristakis.com
                                    *Attorneys for Quicken Loans Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2020, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by electronic filing.

*/s/ Anna-Katrina Christakis*