IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DUSICA PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-2072 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| QUICKEN LOANS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant Quicken Loans, Inc.'s motion to dismiss [16] Plaintiff Dusica Perez's first amended complaint [8]. In addition to opening [17], response [18], and reply [19] briefs, each side has filed notice of supplemental authority [21, 25, 27]. For the reasons stated below, the Court grants Defendant's motion to dismiss [16] and gives Plaintiff leave to file by May 1, 2020, a second amended complaint consistent with the Seventh Circuit's guidance in *Gadelhak v. AT&T Services, Inc.*, 950 F.3d 458 (7th Cir. 2020), and this Court's opinion. If Plaintiff does not file a second amended complaint by that deadline (or any extension of it granted by the Court), then the Court will convert the dismissal to "with prejudice" and enter a final judgment under Federal Rule of Civil Procedure 58. If Plaintiff files a second amended complaint, the Court will convene a status hearing on May 13, 2020 at 9:00 a.m. and the parties should file a joint status report no later than May 11, 2020.

**STATEMENT**

Plaintiff Dusica Perez brings this one-count lawsuit alleging that certain telephone calls that she received from Defendant Quicken Loans, Inc. violated the Telephone Consumer Protection Act ("TCPA"). Defendant has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which

---

[1] In a footnote [see 17, at 3 n.3], Defendant raises at least the specter of a personal jurisdictional challenge, pointing out that Plaintiff has not alleged that any calls were received or placed in Illinois or that Defendant conducted any activities in Illinois that gave rise to her claim. This contention is problematic for both sides, but for different reasons. As to Defendant, courts look with disfavor on the raising of serious arguments in footnotes and often find them waived. Of course, jurisdiction is fundamental, but that is all the more reason to elevate the issue to text if it is being raised with any conviction. Perhaps it is not, however, because Defendant also submits—based on its research outside the pleadings—that Plaintiff is an employee of the law firm representing her here, which is based in Lombard, Illinois according to the address on its response brief. The fact that Plaintiff works in Illinois is not dispositive of where the calls were received, as a non-negligible percentage of the workforce in northern Illinois lives in Indiana and Wisconsin. But the 708 prefix on the phone numbers to and from which the calls in question allegedly were placed [see 8, at 2] also is a strong sign that the dispute is connected to Illinois. Still, Plaintiff should have pled all of the facts

relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). The factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly,* 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiffs' well-pleaded factual allegations and draws all reasonable inferences in Plaintiffs' favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). However, "[t]o survive a motion to dismiss, the well-pleaded facts of the complaint must allow the court to infer more than the mere possibility of misconduct." *Langworthy v. Honeywell Life & Acc. Ins. Plan*, 2009 WL 3464131, at *2 (N.D. Ill. Oct. 22, 2009) (citing *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). Evaluating whether a "claim is sufficiently plausible to survive a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *McCauley*, 671 F.3d at 616).

In her first amended complaint, Plaintiff alleges that "around late 2018" she began receiving calls from Defendant on her cellular telephone. When she answered those calls, Plaintiff claims that she was "subjected to a significant pause, lasting several seconds in length," which caused her "to say 'hello' several times before being connected to a live representative" who proceeded to solicit Plaintiff to apply for a loan. Plaintiff says she never signed up to receive calls from Defendant and demanded that Defendant stop calling and remove her from its calling list. Despite these demands, Defendant continued to call "regularly" and Plaintiff reiterated her demand that Defendant stop calling "on numerous occasions." According to Plaintiff, Defendant has called "multiple times during the same day" and "at least 15 times" overall since Plaintiff demanded that Defendant stop.

As Plaintiff recognizes, for liability to attach under the section of the TCPA she cites—47 U.S.C. § 227(b)(1)(iii), Plaintiff will need to prove (1) that Defendant called her on her cellphone, (2) using an automated telephone dialing system ("ATDS"), (3) without her prior consent. Defendant challenges the sufficiency of Plaintiff's allegations as to all three elements, but the Court will focus mostly on the second—that Defendant must have been using an ATDS—because it is dispositive under current law, at least as to the current rather barebones allegations in the operative complaint.

The TCPA defines an ATDS as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1). As the Seventh Circuit noted last month, this wording "is enough to make a grammarian throw down her pen." *Gadelhak*, 950 F.3d at 460. And the specific issue

---

supporting jurisdiction and should do so in any amended complaint that she may file pursuant to this opinion.

of "what the phrase 'using a random or sequential number generator' modifies" has given litigants and judges fits as well, leading to a circuit split. *Id.* In *Gadelhak*, the Seventh Circuit joined the Third and the Eleventh Circuits in holding that a system does not qualify as an ATDS unless it has the ability to store and produce numbers using a random or sequential number generator, and that merely dialing numbers stored in a customer database is insufficient to state a claim under the Act. See *id*. at 463-65. Courts analyzing this issue since *Gadelhak* have described the Seventh Circuit's approach as "more restrictive" than that employed by other circuits, including the Sixth and the Ninth Circuits. *Boger v. Citrix Sys., Inc.*, 2020 WL 1033566, at *2 (D. Md. Mar. 3, 2020). In light of *Gadelhak* and the D.C. Circuit's decision in *ACA Int'l v. FCC*, 885 F.3d 687, 703 (D.C. Cir. 2018), it is fair to conclude that the standards for pleading and proving a claim under section 227(b)(1)(iii) have been raised, especially in regard to the second element.

In support of the allegation that Defendant used an ATDS to make the calls that precipitated this lawsuit, Plaintiff points to (1) the significant pause, lasting several seconds in length, before a live representative began to speak, (2) Defendant's constant contacts after Plaintiff demanded that the calls stop, and (3) the nature and frequency of Defendant's contacts. Defendant disagrees. To begin, Defendant criticizes Plaintiff's overall allegations as "vague" and "generic," noting that Plaintiff says little to nothing about when the calls were made, who she spoke with, what was said, etc. Then, focusing on the second element in particular, Defendant insists that the allegation of a "pause" does not support the inference that an ATDS was used to make the calls in question, for "at least some predictive dealers . . . have no capacity to generate random or sequential numbers." *ACA Int'l*, 885 F.3d at 703. Defendant further points out that the nature and frequency of the calls does not support an inference of ATDS use, since calls can be made frequently with rotary or push-button phones, too. Thus, the ability to call many numbers quickly does not hinge on the equipment's capacity for "generating [random or sequential] numbers and then dialing them." *Id*. at 702-03. Finally, Defendant insists that multiple calls in one day may indicate an effort to target Plaintiff, rather than to randomly or sequentially contact her.

The Court agrees with Defendant that Plaintiff's allegations are too thin to support an inference that Defendant used an ATDS to make the calls about which Plaintiff complains. However, because the controlling law in this circuit has changed since Plaintiff filed her first amended complaint, the Court will allow Plaintiff an additional opportunity to replead in light of that change in law and taking into account this opinion. The Court adds that in addition to setting out the jurisdictional basis for this case [see n.1, *supra*], Plaintiff should take care to include in her second amended complaint more robust allegations about the extent and timing of her interactions with Defendant's representatives, as those details may inform whether she has sufficiently alleged the use of an ATDS. While it is true, as many courts have observed, that a plaintiff should not be required to plead specific facts as to the technical specifications of the type of call system employed by the defendant, it also cannot be the case that every barebones TCPA claim can survive a motion to dismiss by alleging unwanted calls and a short period of dead air when the call is answered. And it is not too much to ask that a plaintiff who was so frustrated over persistent calls from the same number to have contacted a lawyer actually recall and set down in a pleading the details of the interactions that led her to bring a federal case.

Dated: March 27, 2020

_____
Robert M. Dow, Jr.
United States District Judge